UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | Case No. 19-CR-161 (RDM) |
| v. : | |
| : | |
| KAYVON GRIFFIN, : | |
| : | |
| Defendant. : | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files its sentencing memorandum to assist the Court's consideration of the relevant issues. As noted in the Plea Agreement, Defendant faces a guideline sentencing range of 24 months to 30 months of imprisonment and a statutory maximum sentence of five years of imprisonment. For the reasons set forth below, the United States respectfully recommends that the Court impose a sentence of 13 months of imprisonment followed by a three-year term of supervised release.

## PROCEDURAL HISTORY

On May 15, 2019, a federal grand jury sitting in the District of Columbia returned an Indictment charging Defendant with one count of Escape from Custody, in violation of Title 18, United States Code, Section 751(a) (Docket Entry 1.) Defendant was subsequently arrested in Virginia and transported to the District of Columbia in April 2021 on the outstanding warrant. On July 15, 2021, Defendant pleaded guilty to the sole count of the Indictment pursuant to a written plea agreement. (July 15, 2021 Minute Entry; Docket Entries 17, 18.) Sentencing is scheduled for September 28, 2021.

1

## ANALYSIS

### I. THE OFFENSE CONDUCT

On December 14, 2016, Defendant was sentenced in D.C. Superior Court, Case No. 2016 CF2 010199, to 12 months of incarceration (suspended) and one year of supervised release, for his unlawful possession of a firearm. Defendant's probation was subsequently revoked on or about March 6, 2018. While on supervision, Defendant was arrested on two separate occasions for unlawfully possessing firearms (Case Nos. 2017 CF2 3735 and 2017 CF2 019225). Defendant ultimately pleaded guilty in Case No. 2017 CF2 019225 and was sentenced on April 5, 2018, to 18 months of incarceration, to be followed by three years of supervised release. Case No. 2017 CF2 3735 was dismissed as part of the plea.

Defendant was permitted to complete the final portion of his sentence at Hope Village Residential Reentry Center (RRC), beginning on or about February 7, 2019. On April 20, 2019, Defendant walked away from the RRC and was placed on escape status. Defendant never reported back to the RRC. Defendant was subsequently arrested in Virginia for other conduct on or about June 7, 2019.  At the time that the defendant absconded from the RRC, he was in the custody of the Attorney General, or confinement in an institution where the prisoner is confined by the direction of the Attorney General.

### II. THE GOVERNMENT'S ANALYSIS OF THE SENTENCING GUIDELINES

Though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005); *United States v. Brown*, 892 F.3d 385, 399 (D.C. Cir. 2018). The Supreme Court has noted that the Guidelines provide "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 590 U.S. 38, 49 (2007); *see also United States v. Dorcely*,

454 F.3d 366, 375 (D.C. Cir. 2006) ("*Booker* has not changed how the Guidelines range is to be calculated.") Moreover, the Guidelines' recommended sentencing range will ordinarily "'reflect a rough approximation of sentences that might achieve [18 U.S.C.] § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 347-50 (2007)); *Dorcely*, 454 F.3d at 376 (noting that "a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness").

To calculate a Guidelines sentence, a district court must first select the applicable offense guideline and then select the base offense level within that applicable offense guideline. *United States v. Flores*, 912 F.3d 613, 616 (D.C. Cir. 2019). As the D.C. Circuit has long held, this inquiry must include an evaluation of all relevant conduct that could affect the Guidelines calculation.

> In the post-*Booker* world, the court must calculate and consider the applicable Guidelines range but is not bound by it. Under the Guidelines, "the sentencing range for a particular offense is determined on the basis of all 'relevant conduct' in which the defendant was engaged and not just with regard to the conduct underlying the offense of conviction." *Witte v. United States*, 515 U.S. 389, 393 (1995) (citing U.S.S.G. § 1B1.3). Section 1B1.3 details the conduct the sentencing court may consider in determining the applicable Guidelines range and the commentary to that section states, "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3, comment., backg'd.

*Dorcely*, 454 F.3d at 375.

### A.  Calculation of the Applicable Sentencing Guidelines

The Government calculates Defendant's Sentencing Guidelines as follows:

| | | |
|---|---|---|
| Base Offense Level | 13 | U.S.S.G. § 2P1.1(a)(1) |
| Acceptance of Responsibility | - 2 | U.S.S.G. § 3E1.1(a) |
| **Total:** | **11** | |

### B.  Calculation of Criminal History

U.S.S.G. § 4A1.1 governs the calculation of a defendant's criminal history for Guidelines' purposes. Section 4A1.1 assigns "points" for each of Defendant's prior sentences of imprisonment;

the number of criminal history "points" assigned to each sentence depends on the severity of the sentence and when it was imposed. U.S.S.G. §§ 4A1.1(a)-(c) and n.3; 4A1.2(e). Defendant has five convictions that are scored under these provisions. Defendant also receives two additional Criminal History points because this offense was committed while he was under a prior criminal justice sentence. U.S.S.G. § 4A1.1(d).

Defendant was convicted of Carrying a Pistol (Juvenile Adjudication) in Family Court Case No. 2014-DEL-001868. Defendant was sentenced to be committed to the Division of Youth Rehabilitative Services for two years on March 6, 2015. This offense warrants one Criminal History point pursuant to U.S.S.G. § 4A1.2(d)(2)(B).

Defendant was convicted of Carrying a Pistol Without a License Outside Home/Business in D.C. Superior Court Case No. 2016-CF2-010199. Defendant was sentenced to 12 months of imprisonment (all suspended), 12 months of supervised release (all suspended), and 12 months of supervised probation on December 14, 2016. On April 9, 2018, Defendant's probation term was revoked, and a sentence of 9 months of imprisonment and one year of supervised release was imposed. This offense warrants two Criminal History points pursuant to U.S.S.G. § 4A1.1(b).

Defendant was convicted of Unlawful Possession of a Firearm (Prior Conviction) in D.C. Superior Court Case No. 2017-CF2-019225. Defendant was sentenced to 18 months of imprisonment and three years of supervised release on April 5, 2018. This offense warrants three Criminal History points pursuant to U.S.S.G. § 4A1.1(a).

Defendant was convicted of (1) False Identify Self to Law Enforcement and (2) Petit Larceny <$500 Not From a Person in Sussex County General District Court, Virginia, Case No. GC19007631-00. Defendant was sentenced to 12 months of imprisonment (all suspended) and

4

three years of unsupervised probation on October 7, 2019. This warrants one Criminal History point pursuant to U.S.S.G. § 4A1.1(c).

Defendant was convicted of Common Law Robbery in Nash County, North Carolina Case No. 2019CRS051820. Defendant was sentenced to 16 to 29 months of imprisonment on February 26, 2020. This offense warrants three Criminal History points pursuant to U.S.S.G. § 4A1.1(a).

All told, the Guidelines assign 12 Criminal History points to Defendant based on the sentences imposed on him within the relevant time period, placing him in Criminal History Category V. The Guidelines provide an advisory Guidelines range of 24 to 30 months of imprisonment for a defendant with a total offense level of 11 and a Criminal History Category of V.

### III. THE GOVERNMENT'S ANALYSIS OF THE SENTENCING FACTORS

The Government respectfully submits that the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a), as applied to this case, support a below-Guidelines sentence.

Here, Defendant had served the majority of the term of imprisonment for his underlying sentence when the escape occurred in April 2019. Although Defendant was subsequently arrested in Virginia and North Carolina for other crimes committed after his escape, Defendant has been convicted and sentenced in those cases for those offenses (and as a result, does not receive a reduction of the offense level in the instant case pursuant to U.S.S.G. §2P1.1(b)(3)). Once transferred to the District of Columbia for this case, Defendant promptly accepted full responsibility for the charged offense. On balance, the Government respectfully recommends that a sentence of 13 months of imprisonment, followed by a three-year term of supervised release, is a sufficient and appropriate sentence in consideration of the Section 3553(a) factors.

IV. **THE GOVERNMENT'S SENTENCING RECOMMENDATION**

According to the terms of the Plea Agreement, and for the reasons described above, the Government recommends a sentence of 13 months of imprisonment, followed by a three-year term of supervised release.

                              Respectfully submitted,

                              CHANNING D. PHILLIPS
                              Acting United States Attorney

By:    */s/ Thomas G. Strong*
        Thomas G. Strong
        NY Bar No. 4958658
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, DC 20530
        Phone: (202) 252-7063
        Email: thomas.strong@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon all counsel of record via the Electronic Case Filing (ECF) system on September 22, 2021.

                                      By:    */s/ Thomas G. Strong*
                                                  Thomas G. Strong
                                                  Assistant United States Attorney